# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHAWN DERR and JEFF DERR, | ) | Case No. |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **COMPLAINT AND JURY DEMAND** |
| TMC TRANSPORTATION and BOBBY GROVE, | ) ) ) ) | |
| Defendants. | ) ) | |

PLAINTIFFS ALLEGE:

## COUNT I

1) Plaintiffs Shawn Derr and Jeff Derr are husband and wife and residents of the State of Nebraska.

2) Defendant TMC Transportation (TMC) is a corporation engaged in interstate commerce and is incorporated in the State of Iowa, and has its principal place of business in the State of Iowa, and at all times hereafter was the employer of Bobby Grove, who was at all times acting within the scope and course of his employment as a truck driver.

3) Bobby Grove (Grove) is a resident of the State of Missouri and at all times hereafter was an employee of TMC Transportation and acting within the scope and course of his employment.

4) This court has jurisdiction pursuant to 28 USC Section 1332 because there is complete diversity among the parties and amount in controversy exceeds $75,000.

5) At all relevant times TMC owned the vehicle involved in the collision hereinafter set-forth, was registered as a "motor carrier" and "employer" of drivers of "commercial motor vehicle" as defined in the Federal Motor Carrier Safety Regulations, and was subject to such rule and regulations as promulgated in 49 CRR Section 390.5. Pursuant to Nebraska law, Nebraska has adopted the Federal Motor Carrier Safety Regulations as the standard and laws of the state.

6) On or about January 20, 2011 at approximately 8:13am. Plaintiff, Shawn Derr, was operating a 1995 Ford Windstar Mini Van in an easterly direction on Nebraska Highway 2, approximately 1.7 miles West of Ansley, Nebraska in Custard County, Nebraska. Said highway is a two lane state highway. The sun had just risen from the east and was on the horizon and cast a glare to eastbound traffic. Snow had just fallen and the roadway was snow packed, which added to the glare on the highway and which blinded eastbound traffic on said highway. Just prior to this time, Defendant Grove was driving a 2007 Peterbilt tractor pulling a flatbed trailer, both owned and operated by TMC and was also eastbound on Highway 2. Grove had been traveling in front of the Derr vehicle. The TMC vehicle stopped and parked partly in the eastbound lane of traffic on Highway 2, and was blocking the eastbound lane of travel as the plaintiff's vehicle approached. No warnings of any kind were in place to warn motorists of the fact that the TMC vehicle was parked in the driving lane, and the sun's flare was such that east bound drivers were unable to see any obstruction in the east bound lane of traffic. As plaintiff approached the location where the TMC vehicle was parked in the eastbound lane, plaintiff was blinded by the sun glare as it reflected from the snow-

covered highway, and she could not see the TMC vehicle parked in the eastbound lane of traffic. Plaintiff's vehicle collided with the rear of the TMC vehicle which was parked in the driving way, and plaintiff was damaged.

8) The proximate cause of the aforesaid collision was the negligence of the defendants, and each of them, as follows:

    a.    Negligence of both Grove and TMC

        1)    Failure to keep a proper look out;

        2)    Failure to keep his vehicle under proper control;

        3)    Stopping the vehicle in the driving lane; when same was not necessary or required under the circumstances;

        4)    Failing to properly warn oncoming vehicles that the TMC vehicle was parked in the driving lane when the driver knew or in the exercise of reasonable care should have known, that parking the vehicle in the driving lane when there was impaired vision would make it difficult or impossible for oncoming vehicles to see his vehicle stopped in the driving lane in violation of CFR sec 393.22;

        5)    Operating a tractor that was not mechanically safe;

        6)    Operating his vehicle when the conditions were hazardous in violation of CFR 393.134;

        7)    Operating a vehicle he was not qualified to operate.

    b.    Negligence of TMC

    1)     Failure to properly keep said truck in proper repair;

    2)     Failure to properly train Grove;

    3)     Hiring Grove who was not qualified to operate said vehicle.

9) As a proximate result of the aforesaid collision, Plaintiff Shawn Derr was injured as follows:

    a.     She incurred injury to her left arm and said arm was amputated;

    b.     She incurred a traumatic brain injury;

    c.     She incurred a sternal fracture, rib fractures, and a scalp laceration;

10) As a proximate result of the aforesaid accident and injuries, Plaintiff Shawn Derr incurred the following damages:

    a.     Permanent impairment: Amputation of her left arm; traumatic brain injury and other soft tissue injuries;

    b.     Medical expenses in the amount of $315,836.18;

    c.     Future medical expenses;

    d.     Loss of wages, past and future;

    e.     Loss of earning capacity;

    f.     Pain, suffering, and mental distress, past and future.

    g.     Property damage in amount of $2,050.00.

WHEREFORE, Plaintiff prays for judgment against defendants and each of them in the amount of $5,000,000.00.

## COUNT II

11) At the time of the accident, Plaintiff, Jeff Derr, was married to Shawn Derr

4

and as a result of the collision and injury to his wife, has incurred loss of consortium, past and future.

WHEREFORE, Plaintiff, Jeff Derr, prays for judgment in the amount of $1,000,000.00.

Plaintiffs request a jury trial in Lincoln, Nebraska.

                SHAWN DERR and JEFF DERR, Plaintiffs

BY:   FRIEDMAN LAW OFFICES, P.C., L.L.O.
       Attorneys for Plaintiff
       3800 Normal Blvd., Suite 200
       PO Box 82009
       Lincoln, NE  68501
       (402) 476-1093


*/s/ Herbert J. Friedman*
Herbert J. Friedman  #11390
Daniel H. Friedman  #22293